# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Professional Realty Corp.

v.

Pembroke Realty and Ins. Agency, Inc.

April 30, 1971

Case No. (Chancery) 14875

By JUDGE PHILIP L. RUSSO

The court has now studied the entire file, as well as the authorities cited by each of you.

In so doing it was learned that the respondent has filed no responsive pleadings. This point was never raised by the complainant and inasmuch as there was a hearing held on the very day that the Bill of Complaint was filed in regard to the complainant's prayer for a temporary injunction, at which time all of the issues were raised, the court is of the opinion that the complainant was not at a disadvantage during the hearing on the merits since it was well aware of the respondent's defenses. At any rate, the complainant has not taken issue with the fact that the respondent has not filed responsive pleadings.

In the opinion of the court, the issues in this case are twofold:

(1) Does the registration of a mark give the registrant the right to use this mark exclusively even though there may be prior usage by another?

(2) Are the two marks which are involved in this case similar enough so that the use of one is likely

to deceive persons of ordinary intelligence using ordinary care?

Insofar as the first question is concerned, the case of *Stutzman v. Nash & Son*, 189 Va. 438 (1949), stands for the proposition that "the right to a trade-mark grew out of use, not mere adoption."

In the case at bar, it is undisputed that of the two parties involved, the complainant is the only one which registered its mark. In its certificate of registration of a service mark (Ex. C-1), it is stated that the date claimed for the complainant's first use of the mark anywhere is December 30, 1970. The testimony of complainant's witnesses was to the effect that its first public usage on a sign was approximately February 15, 1971.

There is much testimony in the record to the effect that the respondent had used its mark prior to February 15, 1971, and even prior to December 30, 1970. The testimony was that the respondent was in the process of preparing its mark about two months prior to December 18, 1970.

The court finds, as a matter of fact, that the respondent had prior usage of its mark and as a matter of law, that its prior usage prevails even though the complainant has registered its mark.

Insofar as question number two is concerned, the complainant has cited the case of *Rosso and Mastracco v. Giant Food*, 200 Va. 159 (1958). In that case the Supreme Court of Appeals of Virginia stated, among other things, as follows:

> We are further of opinion that the names "Giant Food" or "Giant Food Department Store" are not so similar to "Giant Open Air Market" as to deceive persons of ordinary intelligence, using ordinary care.

18 *Michie's Jurisprudence*, under the heading of "Trade Marks, Trade Names and Unfair Competition, § III," at page 490, states as follows:

> The general rule in determining whether an infringement exists is that the resemblance must be so close that it is likely to confuse

the purchaser exercising ordinary caution in his dealing.

The court has taken great pains to study the marks involved in this case. Complainant's Exhibit # 1 is a photocopy of the complainant's mark as registered. The original shows that the horizontal line extending to the right of the letters is yellow in color but except for that difference, Exhibit C-1 is correct in all aspects. In comparing this mark with those set forth on most of the other complainant's exhibits which show its mark, you can see that the complainant, for the most part, is not using its mark as registered. In its usage, the letters are most often filled in solid, but this is not so of the mark as registered. In its solid form, it gives a far different appearance from its registered form. As registered, you can read several more letters into the mark than you can in its solid form.

The court is of the opinion that the marks are not so similar as to deceive persons of ordinary intelligence using ordinary care.

Also the evidence clearly showed that the complainant is not using the horizontal yellow line on its signs but this was definitely a part of the mark as registered.

18 *Michie's Jurisprudence* (*supra*) also on page 490 states as follows: "Also the marks must be viewed in their entirety."

It is clear that the yellow horizontal line is a part of the mark as registered but is not actually being used by the complainant on its signs.

For the foregoing reasons, the court is of the opinion that the respondent should prevail and that the complainant should be denied the relief for which it has prayed.